**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROY WHITE,

      Plaintiff-Appellee,

v.

CITY OF FLORENCE; FLORENCE
POLICE DEPARTMENT; EUGENE
ROEDER, Mayor of the City of
Florence, in his individual and official
capacity; MIKE INGLE, Chief of
Florence Police Department, in his
individual and official capacity,

      Defendants,

and

CHUCK PRATT, Sergeant, in his
individual and official capacity,

      Defendant-Appellant.

No. 02-1408
(D.C. No. 01-WY-1779-AJ (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this interlocutory appeal, Defendant-Appellant Chuck Pratt challenges the district court's decision denying him summary judgment on his qualified immunity defense. "[A]n order denying qualified immunity, to the extent it turns on an issue of law, is immediately appealable." *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996) (citation, quotation omitted). In this case, however, the district court clearly denied Pratt qualified immunity because there remained disputed material factual issues that precluded summary judgment. It is well established that such an order is not immediately appealable. *See Johnson v. Jones*, 515 U.S. 304, 313, 319-20 (1995); *see also Behrens*, 516 U.S. at 313. We, therefore, do not have jurisdiction to consider this interlocutory appeal and so DISMISS it.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-2-